UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KING (#356148)**                               **CIVIL ACTION**

**VERSUS**

                                                                      **18-50-BAJ-RLB**

**PAUL TOCE, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 9, 2019.

                                                     **RICHARD L. BOURGEOIS, JR.**
                                                     **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RAYMOND KING (#356148)**                                              **CIVIL ACTION**

**VERSUS**

**18-50-BAJ-RLB**

**PAUL TOCE, ET AL**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss filed on behalf of defendants Dr. Paul Toce and James LeBlanc (R. Doc. 18). The motion is opposed. *See* R. Doc. 31.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Paul Toce, James LeBlanc, and Jane Doe L. Ducote, alleging that is constitutional rights were violated due to deliberate indifference to his health and serious medical conditions. The plaintiff seeks monetary, declaratory, and injunctive relief.

Defendants Dr. Toce and Secretary LeBlanc move to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to timely perfect service. The instant motion seeks dismissal of the plaintiff's claims asserted against defendants Toce and Leblanc, contending that because service of process was not effected within 90 days of the filing of the Complaint as mandated by Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff's claims asserted against defendants Toce and LeBlanc should be dismissed.

The plaintiff's Complaint and Motion to Proceed *in Forma Pauperis* were filed on or about January 22, 2018. *See* R. Docs. 1 and 2. After the plaintiff filed the requisite Statement of Account, the Court determined that the plaintiff was entitled to proceed *in forma pauperis* and was required to pay an initial partial filing fee. *See* R. Docs. 3 and 4. The initial partial filing fee

was timely paid on May 7, 2018. Inasmuch as the plaintiff was proceeding *pro se* in this case, the Court, pursuant to an Order dated June 6, 2018 (R. Doc. 5), directed the United States Marshal's Office to serve the defendants named herein, wherever found. On September 4, 2018, service was effected upon defendants Toce and LeBlanc, *see* R. Doc. 7, and these defendants have responded with the instant Motion to Dismiss.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This Rule further provides, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends upon the particular circumstances of the case. *Lindsey v. United States Railroad Retirement Board,* 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id., quoting Peters v. United States,* 9 F.3d 344, 345 (5th Cir. 1993). A district court retains the discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). Further, it may be an abuse of discretion for the Court to dismiss a defendant, even in the absence of good cause, where the effect of such dismissal would be a dismissal with prejudice because of the running of the applicable limitations period. *See Millan v. USAA General Indemnity Company,* 546 F.3d 321, 325–26 (5th Cir. 2008).

In the instant case, good cause exists for the plaintiff's failure to timely effect service. As a *pro se* litigant, the plaintiff could not effect service on the defendants until the Court determined his pauper status and issued an order appointing the United States Marshal's Office for service. The record does not contain any evidence of dilatoriness or fault on the part of the plaintiff, nor do the defendants assert that the same has occurred. As such, good cause exists for the untimely service in this matter and the defendants' Motion to Dismiss (R. Doc. 18) should be denied.

Furthermore, the Court retains the discretion to extend the time for service even in the absence of good cause. Additionally, inasmuch as a dismissal of defendants Toce and LeBlanc at this time would likely operate as a dismissal with prejudice (because of the running of the applicable limitations period), the Court's authority to dismiss these defendants is limited. It has generally been held that "dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice. *Millan v. USAA General Indemnity Company, supra,* 546 F.3d at 326 (internal quotations marks omitted). The delay must be longer than a few months and "must be characterized by significant periods of total inactivity." *Id.* at 327 (internal quotation marks omitted). *See also McGrew v. McQueen,* 415 Fed. Appx. 592, 596 (5th Cir. 2011). Dismissals with prejudice are generally reserved for "egregious and sometimes outrageous delays" by the plaintiff that threaten the integrity of the judicial process and often prejudice the defense. *Millan v. USAA General Indemnity Company, supra,* 546 F.3d at 327. "[I]t is not a party's negligence— regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id. (internal quotation marks omitted).* When the Fifth Circuit has affirmed

dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 326. In the instant matter, there is no such record of delay or contumacious conduct by the plaintiff.

## RECOMMENDATION

It is recommended that the Motion to Dismiss (R. Doc. 18) be denied, that the time for service be extended so that service is deemed timely, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on April 9, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**