UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND KING (#356148)                         CIVIL ACTION

VERSUS

                                                   NO. 18-50-BAJ-RLB

PAUL TOCE, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Recuse Magistrate Judge Richard L. Bourgeois, filed on March 25, 2019. (R. Doc. 32). The Motion has been referred to the undersigned.

In support of his request, Plaintiff suggests that recusal is proper because the undersigned has "shown favoritism to [defense counsel] by not sanctioning her." (R. Doc. 32 at 2). Plaintiff also suggests that recusal is appropriate because the undersigned will "have a difficult time from this point forward of giving Plaintiff any 'fair shake' now that he is aware the Plaintiff seeked [sic] to have him recused." Id. Plaintiff's motion is based on the Court's prior ruling declining to sanction defense counsel for requesting that Plaintiff file a legible complaint. (R. Doc. 20). Plaintiff did not appeal or seek review of that decision, instead filing the instant motion approximately six weeks later.

As Plaintiff is proceeding pro se, judicial recusal is governed by Title 28, United States Code, Section 455. 28 U.S.C. § 455 provides certain circumstances where recusal is appropriate. 28 U.S.C.§ 455(a) states that any "justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) provides additional circumstances for recusal, including whether the judge has "a personal bias or prejudice concerning a party."

The goal of this statute "is to promote public confidence in the judicial system by avoiding even the appearance of partiality." *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 226 (5th

Cir. 1988). Accordingly, § 455 asks whether "the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Constr. Co.*, 609 F. 2d 1101, 1111 (5th Cir. 1980). The reasonable man viewpoint means the facts are assessed based on how they would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F. 3d 152, 156 (5th Cir. 1995).

The Court finds that plaintiff's motion fails to allege any extrajudicial prejudice. The requirement of extrajudicial prejudice "means that the alleged attitude and preconception on the part of the judge must arise from a source beyond the four corners of the courtroom, and not from his participation in the case." *Danielson v. Winnifield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1115 (E.D. La. 1986).

"Judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997) (*citing Liteky v. United States*, 510 U.S. 540, 555 (1994). The Fifth Circuit has further noted that a judge's ruling "should constitute grounds for appeal, not for recusal." *Landerman*, 109 F.3d at 1066.

Here, the factual allegations refer to the undersigned's decision to deny plaintiff's request that the Court impose sanctions on defense counsel. In other words, these allegations only concern actions within "the four corners of the courtroom." Accordingly, these allegations do not warrant recusal. *Brown v. Schedler*, 2018 WL 1123568, *2 (E.D. La. Feb. 28, 2018) (denying recusal on the basis that the complaints at issue pertained to ruling issued by the trial judge); *Nelson v. Lewis*, 10-827-RET-DLD, 2011 WL 2981532, *2 (M.D. La. July 22, 2011) (denying recusal based on rulings in the course of the proceeding); *Babauta v. Harris County Sheriff's Office*, 2010 WL 4875691 (S.D. Tex. Nov. 23, 2010) (same).

Plaintiff also suggests that the undersigned should recuse himself due to the fact that it is now known that Plaintiff sought his recusal. First, the circular logic of this argument is apparent. Under this rationale, there would never be a need to determine whether the circumstances of a particular case warrant recusal or not. Instead, the simple filing of the motion would be sufficient, as it would then serve as the same basis for such recusal. This is incorrect.

Second, Plaintiff suggests that the undersigned cannot "be absolutely impartial with the plaintiff from this point onward." Notwithstanding Plaintiff's suggestion, "it has been consistently held that conclusions, conjecture, or vague charges of partiality or prejudice are not sufficient [to] form the basis of disqualification." *Brown v. Schedler*, 2018 WL 1123568, *3 (citing cases). Plaintiff has provided no basis for this position and none exists. To support recusal, Plaintiff's showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges." *Capizzo v. State*, 1999 WL 539439 at *1 (E.D. La. July 22, 1999). Also, a section 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993).

Finally, Plaintiff's request for recusal, and the Court's decision pertaining to that request, is made in the course of this proceeding. For the same reasons discussed above, a ruling in the course of a proceeding is not an appropriate basis for recusal.

Based on the foregoing, Plaintiff's Motion to Recuse (R. Doc. 32) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 20, 2019.

                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                    **UNITED STATES MAGISTRATE JUDGE**