# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KING (#356148)**                                **CIVIL ACTION**

**VERSUS**
                                                          **18-50-BAJ-RLB**
**PAUL TOCE, ET AL**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 10, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAYMOND KING (#356148)**                                        **CIVIL ACTION**

**VERSUS**

**18-50-BAJ-RLB**

**PAUL TOCE, ET AL**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants

Dr. Paul Toce and Secretary James LeBlanc (R. Doc. 34).  The motion is opposed.  *See* R. Doc.

44.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"),

Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Paul Toce, James

LeBlanc, and Jane Doe L. Ducote, alleging that is constitutional rights were violated due to

deliberate indifference to his health and serious medical conditions.[1]  The plaintiff seeks

monetary, declaratory, and injunctive relief.

The defendants assert, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the

Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a

---

[1] As to defendant Jane Doe L. Ducote, a review of the record reveals that this defendant has not been served because service was not accepted by the Department of Corrections.  *See* R. Doc. 8.  Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding.  Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge.  The plaintiff was informed of the lack of service, and has failed to take action to direct service on defendant Jane Doe L. Ducote.  *See* R. Doc. 8.  It is appropriate, therefore, that the plaintiff's claims asserted against defendant Jane Doe L. Ducote be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon her.

motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough

to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, *supra*, at

555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*,

556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id*.  It follows that, "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at

679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678

(internal quotation marks omitted).

   On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must

accept as true all of the factual allegations contained in the Complaint."  *Erickson v. Pardus*, 551

U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a

*pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'" *Id*. (citation omitted).  Notwithstanding, the court need

not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265,

286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement."

*Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

   In his Complaint, the plaintiff alleges that while housed at a different facility he escaped

and was recaptured.  Upon examination by the medical staff, edema was noted on the plaintiff's

outer left ankle and the plaintiff complained about pain in his right hand.

The plaintiff was transferred to LSP on September 20, 2016. X-rays were taken of the plaintiff's left ankle. The plaintiff's right hand was also x-rayed after the plaintiff begged. The x-rays were reviewed by defendant Dr. Toce who determined that the plaintiff's left ankle should be casted and for the last two fingers of the plaintiff's right hand to be taped.

The plaintiff complained to defendant Dr. Toce of extreme pain in his right hand and that he believed it was broken and should be in a cast. Defendant Dr. Toce responded, "there really was nothing wrong with the hand that a little piece of tape will not fix up." The plaintiff then pointed out to defendant Dr. Toce that the x-ray of his hand showed the last two fingers to be somewhat dislocated and again requested a cast or alternatively a splint. Defendant Dr. Toce informed the plaintiff that tape would be applied every other day for two weeks.

The plaintiff was never called back to the hospital to have the tape removed and replaced. The plaintiff's hand healed improperly, and the last two fingers are crooked. Other inmates now call the plaintiff "crow claw." Due to his hand healing improperly, the plaintiff's right hand hurts, swells, and is occasionally stiff.

The plaintiff filed a grievance regarding the care received for his hand. The grievance was denied at the First Step by defendant Jane Doe L. Ducote, and at the Second Step by defendant James LeBlanc.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful

treatment, or even medical malpractice, give rise to a § 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).  As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.  Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

The allegations of the plaintiff's amended Complaint, accepted as true for the purpose of evaluating the instant Motion, do not evidence that defendant Dr. Toce refused to treat the plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in any conduct that would clearly evince a wanton disregard for the plaintiff's serious medical needs.  The plaintiff's allegations show that the plaintiff was examined by Dr. Toce and that Dr. Toce determined that the last two fingers on the plaintiff's right hand should be taped and that a cast was not necessary.  The plaintiff merely disagrees with the diagnosis and treatment protocol recommended by defendant Dr. Toce, and such disagreement is insufficient to state a claim for deliberate indifference.  *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991); *Johnson v.*

*Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).   As such, the plaintiff has failed to state a claim against defendant Dr. Toce for deliberate indifference to his serious medical needs.

Turning to the plaintiff's claims regarding a violation of his due process rights in connection with his administrative proceedings, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved.  *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.  *Id*. at 373-74.

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights.  *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).  Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights.  *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").  As such, the plaintiff has failed to state a claim against defendant Secretary LeBlanc.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court

may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel

or complex issues of state law, if the claims substantially predominate over the claims over

which the district court has original jurisdiction, if the district court has dismissed all claims over

which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the

instant case, having recommended dismissal of the plaintiff's claims over which the district court

has original jurisdiction, the Court further recommends that the exercise of supplemental

jurisdiction be declined.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims asserted

against defendant Jane Doe L. Ducote be dismissed, without prejudice, for failure of the plaintiff

to timely effect service upon her.  It is further recommended that defendants' Motion to Dismiss

(R. Doc. 34) be granted, dismissing the plaintiff's claims against defendants Dr. Paul Toce and

Secretary James LeBlanc, with prejudice.  It is further recommended that the Court decline the

exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims,

that the plaintiff's Motion to Dismiss Defendant James LeBlanc (R. Doc. 36) and defendants'

Motion for Extension of Discovery Deadlines (R. Doc. 39) be denied as moot, and that this

action be dismissed.

Signed in Baton Rouge, Louisiana, on June 10, 2019.


_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**